**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **HERMINIA PAISANO CARDENAS,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **EP-26-CV-00818-DCG** |
| **DEPARTMENT OF HOMELAND** | § | |
| **SECURITY,** | § | |
| | § | |
| | § | |
| *Respondent*. | § | |

## ORDER TO REDACT APPLICATION TO PROCEED *IN FORMA PAUPERIS*

*Pro se* Petitioner Herminia Paisano Cardenas moves to proceed *in forma pauperis* ("IFP")—that is, to file a Petition for Writ of Habeas Corpus without paying the applicable filing fee.[1] The application includes the name of her son, whose age is not listed, and the name of her nine-year-old daughter.[2] By making her daughter's unredacted name visible on the public docket, Petitioner has arguably violated Federal Rule of Civil Procedure 5.2(a), which requires any party making "an electronic or paper filing with the court that contains . . . "the name of an individual known to be a minor" to redact all but "the minor's initials."[3] The same conclusion applies if her son is a minor.

---

[1] *See* IFP Appl., ECF No. 1; *see also* Proposed Pet., ECF No. 1-1.

[2] IFP Appl. at 3.

[3] *See* FED. R. CIV. P. 5.2(a)(3).

The Court says "arguably" here because Rule 5.2(a)'s "redaction requirement does not apply to . . . a filing covered by Rule 5.2(c)." FED. R. CIV. P. 5.2(b). Because this is an immigration detention case, the Petition may qualify as "a filing covered by Rule 5.2(c)." *See* FED. R. CIV. P. 5.2(c) (governing

The Court will therefore seal the unredacted application and order Petitioner to file a redacted version on the public docket.[4] After Petitioner has refiled the IFP application including only initials (instead of names) for any minor children, the Court will rule on the application.

---

docket access in "action[s] or proceeding[s] relating to an order of removal, to relief from removal, or to immigration benefits or detention").

However, even assuming (without deciding) that Rule 5.2(a) didn't require Petitioner to redact these non-parties' names from her Petition, the Court would nonetheless order Petitioner to do so pursuant to the Court's authority to require additional redactions under Rule 5.2(e). *See* FED. R. CIV. P. 5.2(e) (authorizing courts to "require redaction of additional information" beyond the redactions that Rule 5.2(a) would ordinarily require).

[4] *Cf.* FED. R. CIV. P. 5.2(d) ("The court may order that a filing be made under seal without redaction."); FED. R. CIV. P. 5.2(f) ("A person making a redacted filing may also file an unredacted copy under seal. The court must retain the unredacted copy as part of the record.").

Accordingly, the Clerk of Court shall **SEAL** the Application to Proceed *In Forma Pauperis* (ECF No. 1).

The Court **ORDERS** Petitioner to file a **REDACTED** version of the application on the public docket by **Friday, April 10, 2026**. If Petitioner fails to do so, the Court will strike the unredacted version from the docket.

The Clerk of Court **SHALL MAIL** this Order **AND** a copy of Petitioner's application (ECF No. 1) to:

> Herminia Paisano Cardenas
> El Paso Service Processing Center
> 8915 Montana Ave.
> El Paso, TX 79925

In case the Government relocates Petitioner to another facility while this mailing is in transit, the Clerk of Court **SHALL ALSO MAIL** this Order **AND** a copy of Petitioner's application (ECF No. 1) to:

> Herminia Paisano Cardenas
> ERO El Paso Camp East Montana
> 6920 Digital Road
> El Paso, TX 79936

**So ORDERED and SIGNED this 25th day of March 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

- 3 -